UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

John Doe subscriber assigned IP Address
68.43.188.183,

    Defendant.
_____/

Case No. 2:25-cv-10377
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (ECF No. 4)

I.    Introduction

This is a copyright infringement case. Plaintiff Strike 3 Holdings (Strike 3) sues John Doe (Doe), an internet subscriber assigned IP address 68.43.188.183, alleging that Doe downloaded and distributed Strike 3's copyrighted works on the BitTorrent network in violation of 17 U.S.C. § 106. (ECF No. 1). Before the Court is Strike 3's Motion for Leave to Serve A Third Party Subpoena Prior to Rule 26(f) Conference. (ECF No. 4). Under 28 U.S.C. § 636(b)(1), the motion was referred to the undersigned. (ECF No. 5). For the reasons that follow, the motion will be GRANTED.

1

II.   Background

Strike 3 alleges that it is the copyright owner of adult motion pictures, 48 of which are alleged to have been illegally downloaded and distributed to others by Doe using the BitTorrent network.  (ECF No. 1).  BitTorrent software allows users to upload files for download by connecting users directly to one another and allowing files to be uploaded in fragments, which avoids "creating a heavy load on any individual source computer and/or network."  (*Id.*, PageID.5).  Fragments are then downloaded by other users and reassembled into the correct files based on their metadata.  (*Id.*, PageID.6).  The process allows uploaders and downloaders to proceed anonymously, but Strike 3 claims to implement an infringement detection system called VXN Scan to discover the IP addresses of those downloading and distributing its copyrighted works.  (*Id.*, PageID.7).

Once VXN Scan downloads an infringing copy of Strike 3's work, it can compare the metadata of those file fragments to metadata being uploaded by Doe to determine that Doe is uploading files containing the same copyrighted work. (*Id.*, PageID.7-8).  Ultimately, the system determined that Doe, identified by his or her IP address, had uploaded copies of several distinct copyrighted works owned by Strike 3.  (*Id.*, PageID.8).

Doe's IP address is assigned to Doe by his or her Internet Service Provider, which in this case is Comcast Cable.  *See* ECF No. 4-3, Declaration of Patrick

2

Paige (Paige), Managing Member at Computer Forensics, LLC. Paige attests that Comcast Cable is the only entity that can identify the individual operating under the IP address discovered in this matter. (ECF No. 4-3, PageID.72). Strike 3 now seeks early discovery from Comcast Cable to determine the identity of the user with assigned IP address 68.43.188.183, which was identified by the metadata obtained by VXN Scan. *See* ECF No. 4-2, Declaration of Jorge Arco, Enterprise Architect at General Media Systems, the parent company of Strike 3.

### III. Legal Standard

Federal Rule of Civil Procedure 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1).

Although the Sixth Circuit has not addressed the standard to be applied in such instances, courts in this district have applied a "good cause" standard to determine whether such expedited discovery should be authorized. *See Malibu Media, LLC v. Doe*, No. 14-14237, 2015 WL 224807, at *1 (E.D. Mich. Jan 15, 2015). This issue arises frequently in copyright infringement cases where the identity of the infringer is unknown. *See Arista Recs., LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2012).

In copyright cases, the Court considers the following factors to determine whether it is proper to issue a subpoena to discover the identity of Doe defendants in advance of a Rule 26(f) conference: "(1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; and (4) there is a minimal expectation of privacy on the part of the defendant." *Third Degree Films v. Does 1-72*, No. 12-14106, 2012 WL 12931709, at *1 (E.D. Mich. Nov. 13, 2012) (citing *Arista Recs.*, 604 F.3d at 119; *Arista Recs., LLC v. Does 1-15*, No. 2:07-CCV-450, 2007 WL 5254326, (S.D. Ohio Nov. 5, 2007); *Patrick Collins v. Does 1-21*, No. 11-15232 (E.D. Mich. Dec. 16, 2011)).

IV.  Analysis

In this case, Strike 3 has demonstrated good cause for early discovery, pleading a plausible claim of copyright infringement and specifically identifying the information sought. As several courts have done in similar John Doe cases, the undersigned concludes that defendants do not have a reasonable expectation of privacy in their IP addresses. *See, e.g., Strike 3 Holdings, LLC v. Doe*, No. 2:19-cv-11299, 2019 WL 2265171, at *2 (E.D. Mich. May 28, 2019); *Malibu Media LLC v Doe*, No. 13-12202, 2013 WL 12184289, at *1 (E.D. Mich. June 25, 2013); *Third Degree Films*, 2012 WL 12931709, at *2 (citing *Hard Drive Prods. v. Does*

4

*1-48*, No. 11 CV 9062, 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012)).  The information sought by Strike 3 is also necessary, otherwise unavailable, and narrowly tailored to the limited purpose of discovering the identity of the individual associated with the identified IP address.  As Strike 3 notes, it only seeks Doe's "true name and address" in order to establish service. (ECF No. 4, PageID.32, 38).

Therefore, it is HEREBY ORDERED that:

- Strike 3 shall attach a copy of this Order to the Rule 45 subpoena it issues to Comcast Cable;

- Strike 3's subpoena to Comcast Cable shall seek only Doe's full name and residential address;

- Strike 3 may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Doe;

- Within seven days of its receipt of the subpoena, Comcast Cable shall reasonably attempt to identify the subject John Doe subscriber and provide him or her with a copy of the subpoena and this Order;

- Nothing in this Order precludes Comcast Cable or Doe from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this Court's local rules.  Any such challenge shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than thirty-five days from the service of the subpoena on Comcast Cable. *See Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 189-191 (D. Mass. 2012). Where no motion is filed, Comcast Cable shall produce the information identified above to Strike 3;

5

- Strike 3 may only use the information disclosed in response to a Rule 45 subpoena served on an Internet Service Provider for the purposes of protecting and enforcing its rights as set forth in its Complaint; and,

- Pursuant to Federal Rule of Civil Procedure 26(c), the court issues a **protective order**. *See Flagg v. City of Detroit*, 268 F.R.D. 279, 310 n.9 (E.D. Mich. 2010) (citing Fed. R. Civ. P. 26(c)(1)).  In this District, defendants in IP cases have been permitted to remain anonymous during discovery where "the risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants." *Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759, at *10 (E.D. Mich. Jan. 29, 2013).  Strike 3 Holdings has presented no evidence that it will be prejudiced if Doe proceeds anonymously, pending confirmation that he or she is a proper defendant. Therefore, Doe is permitted to proceed anonymously until discovery suggests that he or she is the individual connected to the IP address in Strike 3's non-party subpoena.

V.   Conclusion

For the reasons stated above, Strike 3's motion for leave to serve a third party subpoena prior to a Rule 26(f) conference is GRANTED, subject to the terms above.

SO ORDERED.

Dated: March 5, 2025                             s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 5, 2025.

                                              s/Dru Jennings
                                              DRU JENNINGS
                                              Case Manager